UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRIGHT STAR BAPTIST CHURCH        CIVIL ACTION NO. 10-cv-1543

VERSUS                            JUDGE HICKS

STATE FARM FIRE AND CASUALTY      MAGISTRATE JUDGE HORNSBY
INSURANCE COMPANY

**MEMORANDUM RULING**

Bright Star Baptist Church ("Plaintiff") filed suit in state court against State Farm Fire and Casualty Company ("State Farm") based on an insurance claim for hurricane damage. State Farm removed the case based on an assertion of diversity jurisdiction. Plaintiff filed a **Motion to Remand (Doc. 11)** on the grounds that the amount in controversy element is not satisfied. For the reasons that follow, the motion will be **granted**.

If a defendant removes a case based on an assertion of diversity jurisdiction, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy – in the notice of removal or an affidavit – that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Plaintiff alleged in its petition that State Farm issued a policy against loss arising from damage to insured property located on Hearne Avenue in Shreveport. Hurricane Gustav

allegedly caused "extensive damage" to the insured property, so Plaintiff submitted a claim under its policy. Petition, ¶¶ 4-6. Plaintiff alleged that State Farm wrongfully denied the claim and should be held liable for compensatory damages, loss of use of rental income, and statutory penalties and attorney's fees. Plaintiff cited La.R.S. 22:658 as a basis to claim a penalty of 50% of the amount due, or $1,000.00, whichever is greater. Plaintiff also invoked La.R.S. 22:1220 to demand a penalty equal to the greater of two times the damages sustained or $5,000.00. ¶¶ 7-21.

Plaintiff also alleged that State Farm owes it "the policy limits of each said policy of insurance, less and except any sums already tendered to Plaintiff by Defendant." ¶ 22. Plaintiff did not identify the policy limits or any amounts tendered before suit. The petition ended with an limitation, in paragraph 25, that: "Plaintiff affirmatively and knowingly waives entitlement to any damages, including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74,999.00."

State Farm removed the case and addressed the amount in controversy issue in its Notice of Removal. It contended that the unverified allegation in the petition about the amount in controversy was not the equivalent of a "binding stipulation" under De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995) that would prevent removal. State Farm noted the demand for payment of policy limits and stated that the limits on the relevant policy are $1,269,283.00 for buildings and $252,746.00 for business and personal property. State Farm represented to the court that its "first notice of claim came upon receipt of

Plaintiff's Petition." State Farm added that, "no payments have been made under the policy." Doc. 1, ¶ 10. Based on those policy limits, as well as the demand for penalties and attorney fees, State Farm represented that the amount in controversy exceeds $75,000.00.

Plaintiff argued in its motion to remand that the limitation in paragraph 25 of the petition barred removal, that the petition did not include on its face information about the amount in controversy that would permit removal, and that State Farm did not offer specific facts in its Notice of Removal to meet its burden.

Plaintiff is correct that there are no facts on the face of the petition to indicate the amount at issue. The petition alleges "extensive" damage but gives no hint as to what was actually damaged and the cost of repair or replacement, or amount of alleged rental loss. Adjectives such as extensive - without supporting facts - do little to establish the factual basis for determining the amount in controversy. Nordman v. Kansas City Southern Ry. Co., 2009 WL 976493, *2 (W.D. La. 2009). There are not adequate facts in the petition to form a reasonable estimate of the amount of the underlying damage.

Plaintiff responds to State Farm's disclosure that the policy limits exceed $1,000,000.00 by arguing, correctly, that the amount in controversy is measured by the value of the underlying claim rather than the face amount of the policy. Plaintiff, however, specifically claimed at ¶ 22 of its petition that State Farm owed it the policy limits, less any sums already paid. Thus, Plaintiff appears to have valued its underlying claim to be the same as the policy limits. But there is the matter of the limitation in paragraph 25 of the petition.

Plaintiff also attaches to its motion a "stipulation and renunciation of right to enforce judgment and claims," signed by its counsel, in which Plaintiff stipulates that the amount in controversy does not exceed $75,000.00, including attorney fees and penalties, and renounces any right to enforce a judgment greater than $75,000.00. Plaintiff also states in this document that it waives all claims asserted in Paragraphs 21 and 22 of its petition where it claimed entitlement to the policy limits. Such post-removal actions may not reduce the amount in controversy to divest the court of diversity jurisdiction if it exists, but post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal. <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000). A stipulation or affidavit might be of help to Plaintiff in light of the uncertainty about the amount in controversy, but what Plaintiff has filed is just another conclusory assertion that offers no actual facts that would help a person resolve the ambiguity.

  Plaintiff's motion to remand then offers the first specific facts presented in this case regarding the actual damages at issue. It refers to a four-page document prepared on State Farm letterhead on which the amount of damages is assessed. The form indicates that State Farm estimated the losses to Plaintiff's property at $17,435.51. After deduction of depreciation and the amount of the deductible, the total payable was said to be $13,759.46. Plaintiff presumably contends that it is due some amount beyond that calculated by State Farm or it would not have filed suit, but there is no evidence of Plaintiff's valuation of its claim. Based on State Farm's calculation, which is the only specific fact at hand, it is not

more likely than not that, even after adding possible statutory penalties and a reasonable attorney fee, the amount in controversy would exceed $75,000.00. That *might* be the case, but might or may is insufficient to satisfy the preponderance of the evidence burden. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995).

Plaintiff presented a document that indicates Plaintiff filed a claim, State Farm assessed the damage, and State Farm made an offer to pay on the claim. This is squarely at odds with State Farm's representation in the Notice of Removal that its first notice of the claim came upon receipt of the lawsuit. The court expected State Farm to address this conflict in its memorandum in opposition, but the two-page filing makes no mention of it.

State Farm had the burden with respect to the amount in controversy issue. The face of the petition, which indicated neither the amount of the damages nor the policy limits, did not satisfy that burden. State Farm represented that the policy limits exceeded $1,000,000.00 and that it had no prior notice of the claim, but Plaintiff responded with evidence that State Farm did know of the claim and valued it at less than $15,000.00. Based on this record, together with the waivers and stipulations filed by Plaintiff, State Farm did not provide the court with specific facts that would meet its burden of showing it is more likely than not that more than $75,000 is at controversy. Accordingly, an order will be entered granting the Motion to Remand (Doc. 11) and remanding this case to the First Judicial District Court, Caddo Parish, Louisiana, where it was pending as Suit No. 543,903.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of May, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE